IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CR-08-19-D |
| ) | |
| JOE MANUEL VILLAGOMEZ, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Before the Court is Defendant Joe Manuel Villagomez's Motion to Dismiss Indictment as Violative of the Ex Post Facto and Due Process Clauses [Doc. No. 15]. Defendant stands charged by the grand jury of being an individual required to register as a sex offender under the Sex Offender Registration and Notification Act (SORNA), 42 U.S.C. § 16901 *et seq.*, who knowingly failed to register in Oklahoma and to update his registration in Texas from May, 2007, through December, 2007, after traveling from Texas to Oklahoma, all in violation of 18 U.S.C. § 2250(a). Defendant moves for dismissal of the Indictment pursuant to Fed. R. Crim. P. 12(b)(3) on two grounds: (1) application of Section 2250 to him violates the Ex Post Facto Clause because it imposes a criminal penalty for failing to register based on acts he committed before the statute's enactment; and (2) application of Section 2250 to him violates the Due Process Clause because he did not receive notice or fair warning of possible prosecution for noncompliance with SORNA. The government has timely opposed the motion, which is thus at issue. For reasons that follow, the Court finds no hearing is needed to decide the legal issues presented, and thus Defendant's request for an evidentiary hearing is denied.

The issues raised by Defendant's motion have previously been decided by this Court, *see United States v. Lawrance*, Case No. CR-07-106-D, Order (W.D. Okla. Sept. 5, 2007); and by other

judges within this district, *see United States v. Buxton*, Case No. CR-07-82-R, Order (W.D. Okla. Aug. 30, 2007) (no due process or *ex post facto* violation); *United States v. Husted*, Case No. CR-07-105-T, Order (W.D. Okla. June 29, 2007) (no *ex post facto* violation); *United States v. Lang*, Case No. CR-07-80-HE, Order (W.D. Okla. June 5, 2007) (no *ex post facto* violation); *United States v. Templeton*, Case No. CR-06-291-M, 2007 WL 445481 (W.D. Okla. Feb. 7, 2007) (no *ex post facto* or due process violation); *but see United States v. Sallee*, Case No. CR-07-152-L, 2007 WL 3283739 (W.D. Okla. Aug. 13, 2007) (*ex post facto* violation); *United States v. Deese*, Case No. CR-07-167-L, 2007 WL 2778362 (W.D. Okla. Sept. 21, 2007) (same). Upon consideration of Defendant's arguments, the Court adheres to its prior decision in *Lawrance* that retroactive application of SORNA's registration requirement to a sex offender whose qualifying conviction occurred before the date of enactment does not violate the Ex Post Facto Clause, that application of Section 2250 to a sex offender who fails to register after the date of enactment does not violate the Ex Post Facto Clause, and that Defendant's alleged lack of notice of SORNA's registration requirements and Section 2250's penalty for noncompliance does not violate the Due Process Clause.

### EX POST FACTO CLAUSE

Defendant's alleged duty to register as a sex offender is based on a 2004 felony conviction in Texas for indecency with a child. Based on such conviction, Defendant was required to register, and allegedly did register, as a sex offender in the State of Texas.[1]

---

[1] *Since enactment of the Jacob Wetterling Crimes Against Children and Sexually Violent Offender Registration Act in 1994, sex offenders have been required by federal law to register under a minimally sufficient state program or with the FBI. See 42 U.S.C. §§ 14071(a)(1), 14072(c). A sufficient state program must require that a registered person "who moves to another State, shall report the change of address to the responsible agency in the State the person is leaving, and shall comply with any registration requirement in the new State of residence." Id. § 14071(b)(5). Any registered person who moves to another state is subject to a federal requirement that he "shall, not later than 10 days after that person establishes a new residence, register a current address,*

On July 27, 2006, the Adam Walsh Child Protection and Safety Act of 2006 enacted SORNA, codified as 42 U.S.C. §§ 16901-62, 18 U.S.C. § 2250, and amendments to other statutes.[2] SORNA established a comprehensive national registration system and imposed additional federal requirements on states and individual sex offenders. The latter includes a general obligation to "register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student." 42 U.S.C.A. § 16913(a). A specific requirement for keeping the registration current provides in pertinent part: "A sex offender shall, not later than 3 business days after each change of name, residence, employment, or student status, appear in person in at least 1 jurisdiction involved pursuant to subsection (a) of this section and inform that jurisdiction of all changes in the information required for that offender in the sex offender registry." *Id.* § 16913(b). A failure to comply with SORNA exposes a sex offender to a possible federal prosecution under 18 U.S.C. § 2250, which provides:

Whoever--

    (1) is required to register under the Sex Offender Registration and Notification Act;

    (2) (A) is a sex offender as defined for the purposes of the Sex Offender Registration and Notification Act by reason of a conviction under Federal law (including the Uniform Code of Military Justice), the law of the District of Columbia, Indian tribal law, or the law of any territory or possession of the United States; or

---

*fingerprints, and photograph of that person, for inclusion in the appropriate database" with the FBI and "the State in which the new residence is established." Id. § 14072(g)(3). The penalty for failing to comply with this requirement is imprisonment for not more than one year for a first offense and imprisonment for not more than ten years for a second or subsequent offense. Id. § 14072(i).*

[2] *See Title I of Pub. L. No. 109-248, published at 120 Stat 587, 590-611 (2006). SORNA also provides for the repeal of 42 U.S.C. §§ 14071-73 when SORNA is fully implemented in all jurisdictions; the current deadline is July 27, 2009. See Pub. L. No. 109-248, §§ 124(a), 129, 120 Stat. 598, 600-01.*

>    (B) travels in interstate or foreign commerce, or enters or leaves, or resides in, Indian country; and
>
>    (3) knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act;
>
> shall be fined under this title or imprisoned not more than 10 years, or both.

18 U.S.C. § 2250(a).

Defendant contends the retroactive application of § 2250 violates the Ex Post Facto Clause because it creates federal criminal liability and applies to sex offenses committed before its enactment. *See Weaver v. Graham*, 450 U.S. 24, 29 (1981) ("two critical elements must be present for a criminal or penal law to be *ex post facto*: it must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it"); *see also Collins v. Youngblood*, 497 U.S. 37, 52 (1990) (Ex Post Facto Clause prohibits both punishment of an act not criminal when committed and an increase in punishment for a crime after its commission). Defendant points to Section 2250's codification in the federal criminal code as evidence of Congress' punitive intent and the Attorney General's interim rule stating Section 2250 creates federal criminal liability for failing to update a prior registration if the offender is found after SORNA's enactment to be living in another state from one in which he initially registered. *See* 28 C.F.R. § 72.3; Applicability of the Sex Offender Registration and Notification Act, 72 Fed. Reg. 8894, 8895 (Feb. 28, 2007) (Section 2250 "creates federal criminal liability"). Defendant also relies on *United States v. Smith*, 481 F. Supp. 2d 846 (E.D. Mich. 2007), where the district court found an *ex post facto* violation.

The government argues there is no *ex post facto* problem because: (a) SORNA is a non-punitive, regulatory law similar to a state registry law upheld by the Supreme Court in *Smith v. Doe*, 538 U.S. 84 (2003); and (b) the crime prohibited by Section 2250 is an ongoing offense, and no *ex*

4

*post facto* violation occurs if a sex offender fails to register or to update a prior registration after July 27, 2006.

Congress expressly intended in enacting SORNA to create a comprehensive national registry system and registration scheme "to protect the public from sex offenders and offenders against children." 42 U.S.C. § 16901. In so doing, Congress adopted a system strikingly similar to a state registry program that has survived an *ex post facto* challenge by sex offenders who retrospectively became subject to its requirements. In *Smith*, 538 U.S. at 105, the Supreme Court examined the effects of Alaska's registration law and found they did not "negate Alaska's intention to establish a civil regulatory scheme." The Court concluded: "The Act is nonpunitive and its retroactive application does not violate the Ex Post Facto Clause." *Id*. at 105-06. To the extent Defendant contends that application of SORNA's requirements to him based on a 2004 conviction violates the Ex Post Facto Clause, *Smith* is controlling. The Court finds "the SORNA registration scheme is non-punitive and regulatory" and "retroactive application of its registration requirements does not violate the Ex Post Facto Clause." *Lawrance*, Case No. CR-07-166-D, Order at 5, 7.

As to Defendant's argument that Section 2250 criminalizes or increases the penalty for past conduct, the Court finds the application of Section 2250 to a sex offender who fails to register or to update a registry after July 27, 2006, does not punish pre-SORNA conduct in violation of the Ex Post Facto Clause. The offense established by Section 2250 is a post-enactment failure to comply with SORNA's registration requirements. This offense is potentially a continuing one; a sex offender has an ongoing duty to register and to maintain a current registration, and a violation of the duty continues while the sex offender remains unregistered or noncompliant with an updating requirement. Here, the offense with which Defendant is charged – a failure to register in Oklahoma and to update a Texas registration between May, 2007, and December, 2007 – occurred after

SORNA took effect and after the Attorney General declared its applicability to sex offenders convicted before its enactment, as authorized by Congress. *See* 42 U.S.C. § 16913(d). Thus, no *ex post facto* violation arises from applying Section 2250 to Defendant's alleged conduct.

## DUE PROCESS CLAUSE

Defendant also contends the application of Section 2250 to him violates the Due Process Clause because he did not receive notice or fair warning of SORNA's registration requirements or penalties for noncompliance. The government opposes this contention based on case law rejecting similar arguments. *See, e.g., United States v. Lovejoy*, 516 F. Supp. 2d 1032, 1037 (D. N.D. 2007).

This Court has also previously rejected this argument. Upon Defendant's alleged conviction of a qualifying offense in 2004, he was required to register as a sex offender under 42 U.S.C. § 14072(c) and state law. *See* 42 U.S.C. § 14071(a)(1). Upon his alleged move to Oklahoma in 2007, he was required to register in Oklahoma and to update his Texas registration under 42 U.S.C. § 14071(g)(2)-(3) and state laws. *See* 42 U.S.C. § 14071(b)(5). Thus, Defendant had notice before SORNA's enactment of duties to register and to update a registration when moving to another state, and possible penalties provided by those laws. *See* 42 U.S.C. § 14072(i) (establishing penalties for first offense of imprisonment not more than one year and for subsequent offenses of imprisonment not more than ten years). Defendant was not entitled to additional notice upon the enactment of SORNA that a failure to register or maintain a current registration would violate that statute as well. *See United States v. Hinen*, 487 F. Supp. 2d 747, 754 (W.D. Va. 2007) ("[A]side from the long-standing state and federal mandates requiring registration of sex offenders, individuals convicted of certain conduct are placed on constructive notice that they may be subjected to future regulations because of the nature of their criminal conviction.")

Defendant's contention that he was entitled to notice of SORNA's requirements and penalties amounts to a claim that ignorance of the law excuses noncompliance. It is well established that "ignorance of the law is no excuse – one is guilty of the crime if she intends to engage in the conduct that is prohibited by the criminal statute." *United States v. Platte*, 401 F.3d 1176, 1183-84 (10th Cir. 2005). Although there are exceptions to this general rule, none applies here. The Court agrees with the reasoning of *Hinen*, *Lovejoy*, *Buxton*, and other cases that the Due Process Clause is not violated by Defendant's prosecution under Section 2250.

## CONCLUSION

Therefore, for the reasons stated above, Defendant's Motion to Dismiss Indictment [Doc. No. 15] is DENIED.

IT IS SO ORDERED this 2nd day of April, 2008.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE
