IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CR-08-19-D |
| ) | |
| JOE MANUEL VILLAGOMEZ, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

The parties have advised the Court that they cannot agree on one issue concerning the redaction of institutional documents to be offered by the government and that Defendant objects to the government's proposed videotaped evidence. The Court has heard argument concerning these issues outside the presence of the jury and has viewed the four video clips provided by the government. Having considered the parties' positions, the Court rules on the issues as follows.

**Redaction of Documents**

The government will offer documents to show that Defendant received notice and advice from Texas officials regarding his duty to register as a sex offender as a result of his 2004 conviction. Defendant's objection concerns only a portion of the documents that identifies the nature of his registration duty as a lifetime obligation. Defendant argues that he will stipulate to the fact of his requirement to register and thus evidence as to the duration of the requirement is irrelevant; he further argues that documentation of his lifetime obligation (the other options set forth in the document) – as opposed to a ten-year or lesser obligation – suggests the seriousness of his prior conviction as a sex offender and is prejudicial. Defendant thus seeks the redaction of the "lifetime" notation under Fed. R. Evid. 402 and 403.

The Court agrees with the government's position that the existence of a lifetime obligation is probative of Defendant's intent to commit the offense charged in the Indictment, that is, whether he knowingly failed to register as a sex offender. From Defendant's prior arguments and proposed jury instructions, the Court understands an important issue in the case to be Defendant's knowledge that he needed to register in Oklahoma and update his Texas registration after traveling here from Texas. The government must show that any failure to register was voluntary and intentional and not a result of accident or mistake. The Court finds that advice to Defendant of a lifetime duty to register is highly probative of whether Defendant acted knowingly. This probative value outweighs any slight prejudice arising from an inference the jury might draw about the seriousness of Defendant's past conviction based on information regarding the duration of his duty to register as sex offender.

**Videotape**

The government proposes to offer four excerpts from a videotape made by an Oklahoma Highway Patrol trooper during a traffic stop of Defendant. The stop led to the issuance of traffic citations and Defendant's arrest on an outstanding Texas warrant related to his sex offender registration. The traffic citations were issued for speeding and operating a motor vehicle without a license; the citations will be offered at trial, without objection, to show the home address given by Defendant on the date of his arrest. The four video clips proposed to be introduced at trial, in the order they were taped, show Defendant's statements concerning (1) his address and length of residence in Oklahoma; (2) an explanation of why he moved to Oklahoma: to "get out of all that;" (3) his place and nature of employment; and (4) a second explanation of why he moved to Oklahoma, to be near the family of his pregnant wife. The statement in excerpt #2 regarding getting

"out of all that" purportedly refers to Defendant's prior involvement in criminal or gang-related activity in Texas.

Defendant contends the videotaped evidence is cumulative of other evidence and unnecessary to show Defendant's places of residence and employment on the date of his arrest. Defendant contends evidence regarding why he moved to Oklahoma is irrelevant to any issue because the reason for his relocation to Oklahoma has no bearing on the elements of the offense. As the Court understands Defendant's argument, a videotape of Defendant being questioned by a uniformed officer is inherently prejudicial, and Defendant's involvement in criminal activity or other bad acts can be inferred from Defendant's statements indicating his desire for a fresh start in Oklahoma.

The Court finds no inherent prejudice in showing a videotape of Defendant's traffic stop, particularly when the jury will be informed of Defendant's traffic citations regardless of whether the clips are shown. The Court also finds the government should be permitted to introduce evidence of Defendant's own statements regarding his residence and employment at the time of his arrest. These facts are relevant to the issue of Defendant's failure to register and update a prior registration, and his statements as to these facts are not needlessly cumulative of other evidence the government may introduce. Finally, Defendant's explanation of why he moved to Oklahoma as contained in clip #4 is relevant to the nature of his relocation, that is, they suggest he intended it to be permanent. The Court finds this evidence is also relevant to Defendant's intent and whether he knowingly failed to register in Oklahoma. As to the first explanation of his relocation as contained in clip #2, however, the Court finds the probative value of this evidence is substantially outweighed by potential for unfair prejudice arising from the references to Defendant's past troubles in Texas. His purpose in moving to get out of "all that" is explained by the trooper's statements as getting out of

that "mess, that lifestyle." The Court finds this clip, which appears on the computer disc provide by the government as "8b" should be excluded under Fed. R. Evid. 403.

IT IS THEREFORE ORDERED that the government's proposed evidence will be admitted at trial over Defendant's objection, except video clip #2 discussed above, which will be excluded.

IT IS SO ORDERED this 14th day of April, 2008.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE